**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION FOR ACCEPTANCE OF PLEA** |
| vs. | ) ) | |
| Jose Gabriel Martinez-Rivera, a/k/a Mario Luna-Diaz, | ) ) | Case No. 1:07-cr-044 |
| Defendant. | ) ) | |

A change of plea hearing was held in the above-entitled action on January 31, 2007, during which the defendant, Jose Gabriel Martinez-Rivera, entered a plea of guilty to an information charging him with the following offense: reentry of a deported alien subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). AUSA David Hagler appeared for the government and Assistant Federal Public Defender Orell Schmitz for the defendant. An interpreter, Jessica Egge, was also present. The information was filed with the court on January 12, 2007, along with a plea agreement executed by the parties.

As a preliminary matter, the undersigned advised the defendant of his right to prosecution by indictment and what that entails. After being fully advised, Defendant expressed the desire to proceed by way of the information filed by the government, executed a waiver of indictment, and in open court knowingly, voluntarily, and upon advice of counsel waived the right to indictment.

During the plea hearing, the undersigned determined through an examination of the defendant the following:

    1.    Defendant understood the nature and consequences of the plea proceeding.

2. Defendant is satisfied with the services of his/her attorney.

3. Defendant understands, after being advised pursuant to Rule 11(b)(1)(A)-(N), the following:

   a. that the government has the right to use any statements made during the proceeding in connection with a prosecution for perjury or false statement;

   b. the trial rights the defendant is giving up by entering a plea of guilty as spelled out in Rule 11(b)(1)(B)-(F);

   c. the maximum penalties that apply to the charged offense(s), including any mandatory minimum penalty, any applicable forfeiture provisions, the court's authority to order restitution, and the obligation to impose a special assessment;

   d. the court's obligation to apply the Sentencing Guidelines and the court's discretion to deviate from the Guidelines under certain circumstances; and

   e. the plea agreement provisions waiving the rights to appeal and to collaterally attack the conviction or sentence, except in the limited circumstances specifically provided for in the plea agreement.

4. Defendant fully understands the provisions of the plea agreement, including specifically the promises made by the government in terms of its position or recommendations regarding sentencing and application of the Sentencing Guidelines.

5. Defendant understands, after being advised pursuant to Rule11(c), that the plea agreement is not binding upon the court and that defendant does not have the right to withdraw the plea of guilty after it is accepted even if: (a) the court does not

    follow the recommendations or requests for a particular sentence as set forth in the plea agreement; (b) the court sentences outside the applicable Sentencing Guideline Range; or (c) if the court's computation of the applicable Guideline range or other application of the Guidelines is different from that made or requested by the parties in the plea agreement.

6.     No force, threats, or promises (other than promises contained in the plea agreement) have been made to induce the defendant to plead guilty.

Also, during the plea hearing, the undersigned determined there is factual basis for the plea through examination of the defendant and consideration of the other information presented at the hearing.

Based on the foregoing, the undersigned is satisfied: (1) that the defendant is competent and capable of entering a plea of guilty; (2) that defendant's plea of guilty is made knowingly and with a full understanding of the plea agreement, the consequences of entering the plea, and the rights that are being waived; (3) that defendant's plea of guilty is voluntarily and is made upon advice of counsel; and (4) that there is a factual basis for the plea. Accordingly, the undersigned hereby **RECOMMENDS** that the court accept Defendant's guilty plea.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.

Dated this 2nd day of February, 2007.

                                                  /s/ Charles S. Miller, Jr.
                                                  Charles S. Miller, Jr.
                                                  United States Magistrate Judge